## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| RS LEGACY CORPORATION, *et al.*,[1] | : | |
| | : | Case No. 15-10197 (BLS) |
| Debtors. | : | |
| | : | (Jointly Administered) |
| | : | |
| | : | |
| MARK HAYWOOD, on behalf of himself and a putative class of RadioShack Gift Card Holders, | : | |
| | : | |
| Plaintiff, | : | Adv. Pro. No. 15-50930 (BLS) |
| | : | |
| v. | : | **Related Adv. Pro. No.: 5** |
| | : | |
| RS LEGACY CORPORATION, and RS LEGACY CUSTOMER SERVICE LLC | : | |
| | : | |
| Defendants. | : | |
| | : | |

### DEFENDANTS' SUPPLEMENTAL OPPOSITION TO
### PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Defendants RS Legacy Corporation and RS Legacy Customer Service LLC file

this supplemental opposition to the Plaintiff's motion for class certification (D.I. 5).  In support

of this supplemental opposition, the Defendants submit the Declaration of Carlin Adrianopoli

---

[1] The Debtors are the following eighteen entities (the last four digits of their respective taxpayer identification numbers follow in parentheses):  RS Legacy Corporation (f/k/a RadioShack Corporation) (7710); Atlantic Retail Ventures, Inc. (6816); Ignition L.P. (3231); ITC Services, Inc. (1930); Merchandising Support Services, Inc. (4887); RS Legacy Customer Service LLC (f/k/a RadioShack Customer Service LLC) (8866); RS Legacy Global Sourcing Corporation (f/k/a RadioShack Global Sourcing Corporation) (0233); RS Legacy Global Sourcing Limited Partnership (f/k/a RadioShack Global Sourcing Limited Partnership) (8723); RS Legacy Global Sourcing, Inc. (f/k/a RadioShack Global Sourcing, Inc.) (3960); RS Ig Holdings Incorporated (8924); RSIgnite, LLC (0543); SCK, Inc. (9220); RS Legacy Finance Corporation (f/k/a Tandy Finance Corporation) (5470); RS Legacy Holdings, Inc. (f/k/a Tandy Holdings, Inc.) (1789); RS Legacy International Corporation (f/k/a Tandy International Corporation) (9940); TE Electronics LP (9965); Trade and Save LLC (3850); and TRS Quality, Inc. (5417).  The address of each of the Debtors is 300 RadioShack Circle, Fort Worth, Texas 76102.

(the "Adrianopoli Declaration"), a copy of which is attached hereto as Exhibit A, and further

respectfully represent as follows:

**Preliminary Statement**

1.      The Plaintiff commenced this adversary proceeding in an effort to have

the court answer two questions:  (a) whether all gift card claims are entitled to priority treatment,

and (b) whether class certification for gift card claims is appropriate in these cases.  The first

issue—whether all gift card claims are entitled to priority treatment, was raised in earlier filed

litigation commenced by the State of Texas and is now the subject of a settlement between the

Debtors and the State of Texas (the "Settlement").  The Settlement, which also has the support of

more than 15 additional states,  provides fair; indeed, favorable treatment for gift card holders, as

all holders of purchased gift cards as well as holders with types of gift cards the Debtors are

unable to identify will receive priority treatment and payment of their gift card balances in full.

All remaining types of gift card holders will be treated as unsecured creditors.

2.      The Debtors have filed a motion requesting that the Court approve the

settlement pursuant to Rule 9019 of the Rules of Bankruptcy Procedure.  If the Settlement is

approved by the Court, the issue presented by the Plaintiff's adversary proceeding will be

resolved and there would be no need for a class representative.  Indeed, certification of a class in

the wake of Court approval of the Settlement would only harm the estate and, potentially gift

card holders, by (a) requiring the Debtors, at further cost, to litigate the same issues that have

been consensually resolved with numerous state attorneys general and (b) creating the risk that

the Court would adjudicate the gift card issues in a manner less favorable to gift card holders.

The Debtors submit that the Court should exercise its discretion and not certify a class of gift

card holders.

#35397519 v1

3.      Alternatively, the motion for class certification should be denied because the Plaintiff cannot carry his burden of satisfying the elements of Fed. R. Bankr. P. 23.  He has failed to show under Rule 23(a) that the claims of the proposed class share a commonality of legal or factual issues, that his claim is typical of the claims of the proposed class members, or that he or his counsel adequately represent the interests of the entire class.  Moreover, he has not shown that the Debtors have acted in a way that is generally applicable to the class and thus cannot satisfy the requirements of Rule 23(b)(2).  Thus, the Plaintiff's motion should be denied.

### Background

4.      On June 12, 2015, the Debtors filed a plan of liquidation in the main bankruptcy case, which was amended on June 24, 2015 and on August 12, 2015 (as amended, the "Plan").  On June 18, 2015, the Debtors filed their disclosure statement, which was amended on June 24, 2015 and August 12, 2015 (as amended, the "Disclosure Statement").  The Debtors commenced solicitation of the Plan on August 11, 2015, and a hearing on confirmation of the Plan is scheduled for September 16, 2015.

5.      On June 18, 2015, the State of Texas commenced an adversary proceeding (Case No. 15-50870) (the "Texas Adversary Proceeding") in which the State of Texas sought, among other things, declaratory judgments that (a) all gift card claims are entitled to priority treatment; (b) the State of Texas has standing to file a representative proof of claim on behalf of its residents; and (c) funds related to unredeemed gift cards should be turned over to the appropriate state as unclaimed property.  The State of Texas also simultaneously filed a motion for summary judgment seeking a ruling on the issues raised in the complaint.

6.      On July 1, 2015, the State of Texas sought discovery from the Debtors with respect to unredeemed gift cards, and the Debtors commenced document production on July

#35397519 v1

13, 2015 and completed that production on July 20, 2015.

7.      On July 13, 2015, the Debtors moved to dismiss the State of Texas' complaint in the Texas Adversary Proceeding.

8.      On July 17, 2015, Plaintiff filed the complaint (the "Class Complaint") commencing this adversary proceeding (D.I. 1).  The Class Complaint seeks a declaratory judgment that (a) the proposed class be certified and (b) that all gift card claims be deemed priority claims under 11 U.S.C. § 507(a)(7).

9.      On July 22, 2015, Plaintiff moved for class certification (Adv. Docket No. 5) and filed a proof of claim against RS Legacy Corporation (Claim No. 5437) purportedly on behalf of a class of consumers holding unredeemed gift cards in an unliquidated amount.

10.     On July 22, 2015, the Court held a hearing on the Debtors' motion to dismiss the Texas Adversary Proceeding.  Counsel for the Plaintiff made an appearance at the hearing.  At the conclusion of the hearing, the Court denied the motion to dismiss and stated that it would rule on the State of Texas' motion for summary judgment, and any cross-motions for summary judgment, at a hearing on August 17, 2015.

11.     Following the hearing on July 22, 2015, the Debtors, the State of Texas and other states engaged in settlement discussions, which ultimately resulted in the Settlement that is the subject of the Debtors' motion for Court approval (Docket No. 2870).  Pursuant to the Settlement, which fully resolves the Texas Adversary Proceeding, timely filed claims for unredeemed balances in any amount on the following types of gift cards would be treated as priority claims pursuant to 11 U.S.C. § 507(a)(7) and paid in full under the Debtors' Plan: (a) Purchased Gift Cards;[2] (b) Reload Gift Cards; (c) No Transaction Code Gift Cards;

---

[2]      Capitalized terms used in this paragraph and the following paragraph and not otherwise defined herein will have the meanings given to them in the Settlement.

(d) Deactivated Cards; (e) Website Gift Cards; (f) Incomm Gift Cards; (g) PointMobl Gift Cards; and (h) Safeway Gift Cards.

12.     Claims on all other gift cards—i.e., (a) Merchandise Return Gift Cards; (b) Customer Service Gift Cards; (c) Promotional Giveaway Gift Cards; (d) Corporate Gift Cards; (e) Assurant Gift Cards; and (f) CExchange Gift Cards—would be treated as unsecured creditors under the Settlement.  Because gift card holders are not parties to the Settlement, no gift card holder would be foreclosed from seeking priority treatment for his or her gift card claim, although the Debtors believe that priority treatment could not be established for any of the types of cards the Debtors, the Committee and the states agree constitute unsecured claims.

13.     On August 5, 2015, the Debtors filed an initial opposition to the Plaintiff's motion for class certification (the "Opposition") requesting that the court deny the Plaintiff's motion as premature or, alternatively, continue the motion until after the Court ruled on the competing motions for summary judgment in the Texas Adversary Proceeding.

14.     On August 26, 2015, the Court held a status conference on the Texas Adversary Proceeding during which the Debtors announced the terms of the Settlement and requested that the Court consider the Settlement at or before confirmation of the Plan.  The Court agreed to schedule a hearing on both a motion to approve the Settlement and the Plaintiff's motion for class certification on September 10, 2015, provided the Debtors filed the motion to approve the Settlement no later than August 28, 2015.  The motion was in fact filed on that date. As a result of the Settlement and other developments since the Debtors' filed the Opposition, the Debtors are filing this supplemental opposition to class certification.

## Argument

15.     The Court should exercise its discretion and deny class certification

because, in view of the Settlement, certification would serve no purpose, provide no benefit to gift card holders, and harm the estates by requiring the Debtors to continue litigating, at considerable cost, issues that have been consensually resolved through good faith, arm's length negotiations among parties who zealously represented the interests of the estate and gift card holders.  Even if the Court were to entertain class certification at this juncture, however, Haywood, the proposed class representative, is unable to satisfy the requirements of Fed. R. Bankr. P. 7023.

## I.    The Court Should Exercise Its Broad Discretion to Deny Class Certification

16.    Outside bankruptcy, class actions concentrate litigation in a single forum, and their procedures are designed to avoid "multiplicity of activity."  Am. Pipe & Constr. Co. v. Utah, 414 U.S. 538 (1974).  Bankruptcy itself provides similar benefits and, as a result, "many of the perceived advantages of class treatment drop away."  In re Bally Total Fitness of Greater N.Y. Inc., 411 B.R. 142, 145 (S.D.N.Y. 2009).  As one court has explained

> Bankruptcy provides the same procedural advantages as a class action.  In fact, it provides more advantages.  Creditors, even corporate creditors, don't have to hire a lawyer, and can participate in the distribution for the price of a stamp.  They need only fill out and return a proof of claim sent with the Bar Date Notice.  Furthermore, claims are 'deemed allowed' under § 502(A) in the absence of an objection, in which case discovery and fact-finding are avoided altogether.

In re Musicland Holding Corp., 362 B.R. 644, 650 n.8 (Bankr. S.D.N.Y. 2007).

17.    Because bankruptcy provides many of the same benefits as a class action, "court[s have] substantial discretion to consider the benefits and costs of class litigation."  In re Am. Reserve Corp., 840 F.2d 487, 492 (7th Cir. 1988).  In deciding whether to exercise discretion to certify a class, courts consider a variety of factors relating to the bankruptcy case, including:

#35397519 v1

(a)     the effect of class certification on the bankruptcy case; Scoggin v. Adman Aircraft Indus. Inc. (In re Adam Aircraft Indus. Inc.), 2009 Bankr LEXIS 1747 at *9-10 ("A class proof of claim or a class action certification may actually impede the normal bankruptcy claim process . . . ."); In re Ephedra Prods. Liab. Litig., 329 B.R. 1, 4 (S.D.N.Y. 2005) (finding that the "grant[] of class action claims at this late juncture would wholly disrupt and undercut the expeditious execution of the Plan of Reorganization" in a situation where "the liquidating plan was already submitted for a vote of creditors before the court was finally asked to decide whether or not to exercise its discretion" to certify a class); Sacred Heart Hosp. of Norristown, 177 B.R. 16, 24 (Bankr. E.D. Pa. 1995) (granting the motion would "effect very substantial and apparently unwarranted disruption to the administration of the Debtor's bankruptcy case, in which there is presently a plan before us for imminent confirmation").

(b)     whether certification will prejudice the debtor or its creditors or class members; In re Craft, 321 B.R. 189, 199 (Bankr. N.D. Tex. 2005) (noting that concerns for certifying a class include "to a greater or lesser degree, prejudice to the debtor or its other creditors, prejudice to putative class members, efficient estate administration, the conduct in the bankruptcy case of the putative class representatives, and the status of proceedings in other courts");

(c)     whether class certification has been timely filed, Computer Learning Ctrs., 344 B.R. 79, 89 (Bankr. E.D. Va. 2006)  ("A Rule 7023 motion should be filed as soon as practicable and should be denied if it comes so late as to prejudice any party."); Craft, 321 B.R. at 199 (putative class members waited too long to invoke Rule 23); Woodward & Lothrop Holdings, Inc., 205 B.R. 365, 370 (Bankr. S.D.N.Y. 1997) ("As the case moves toward its conclusion, it is more likely that a delay in resolving the certification issue will interfere with the administration of the estate."); and

(d)     whether the class was certified prepetition; Sacred Heart, 177 B.R. at 22 (classes certified pre-petition are the "best candidates" for a class proof of claim).

18.     All these factors support denial of the Plaintiff's motion for class certification.  As noted above, a critical inquiry in deciding to certify a class in bankruptcy is the effect of certification on the bankruptcy case.  Here, there is no question that class certification would impede these cases.  First, certification of a class at this stage of these cases would serve no purpose.  Other than the requested declaratory judgment with respect to class certification, which is the subject of this objection, the only other issue raised in the Class Complaint is the legal question of whether gift card claims are entitled to priority treatment.  That issue was

-7-

previously joined by the State of Texas and other states, and it is now the subject of the Settlement between the State of Texas and the Debtors.  If the Settlement is approved by the Court, certification of a class would serve only to continue litigation of an issue that has been fully and fairly resolved, potentially delay confirmation of the Plan, and possibly prejudice gift card holders if the Court were ultimately to adjudicate the issues in a manner less favorable to them than the Settlement.  The only way that gift card holders could improve upon the Settlement is if the Court rules that holders of  gift cards that made no payments to obtain a card are entitled to priority treatment, a result the Debtors believe is not supported by the Bankruptcy Code or applicable case law.  In short, there is no need for or benefit to gift card holders in certifying a class, as the State of Texas, with support from other states, has already ably and zealously represented the interests of gift card holders in connection with the same claims and, ultimately, the Settlement.

19.    Second, the request for certification is not timely in the context of these cases.  As previously discussed, the primary legal issue raised in the Class Complaint (priority of gift card claims) was joined by the State of Texas almost a month earlier and is now the subject of the Settlement.  In addition, the Debtors' Plan is on the eve of confirmation.  The Class Complaint was filed after the Plan had been filed, and the hearing on class certification will occur after the Plan has been solicited and less than a week before Plan confirmation.  The Court should deny the Plaintiff's motion for class certification as untimely.

20.    Finally, this is not a situation where a class was certified pre-petition.  In sum, the Plaintiff has failed to establish any compelling need or benefit for class certification, and the Court should exercise its discretion to deny class certification at this late stage of these cases.

#35397519 v1

## II.    The Proposed Class Should Not Be Certified Because Haywood Cannot Meet the Requirements of Rule 23.

21.    Haywood has failed to demonstrate that he is entitled to depart from the customary rule in litigation that plaintiffs are limited to prosecuting individual claims.  It is settled law that a class action is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only."  Wal-Mart Stores, Inc. v. Dukes, 131 S.Ct. 2541, 2550 (2011) (quoting Califano v. Yamaski, 442 U.S. 682, 700-01 (1979)).  To depart from that rule and pursue a collective action, a plaintiff "must be part of the class and possess the same interest and suffer the same injury as the class members."  Id. (quoting East Tex. Motor Freight Sys., Inc. v. Rodriguez, 431 U.S. 395, 403 (1977)).  These requirements are embedded in Rule 23 of the Federal Rules of Civil Procedure, which establishes the requirements that a plaintiff must meet to justify the certification of a proposed class.

22.    Rule 23 requires a named plaintiff to satisfy both the threshold requirements of Rule 23(a) and one of three categories under Rule 23(b).  Under Rule 23(a), a named plaintiff must show "sufficiently numerous parties, common questions of law or fact, typicality of claims or defenses, and adequacy of representation . . . ."  Comcast Corp. v. Behrend, 133 S.Ct. 1426, 1432 (2013).  And the relevant sub-section of Rule 23(b) requires a named plaintiff to show that the party opposing class certification has "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."  Fed. R. Civ. P. 23(b)(2).

23.    These requirements are not merely a pleading standard; the party seeking certification must be able to prove them with evidence.  Comcast Corp., 133 S.Ct. at 1432.  And the moving party carries the burden of establishing each required element.  Carrera v. Bayer Corp., 727 F.3d 300, 306 (3d Cir. 2013).  Here, Haywood has failed to carry his burden and his

#35397519 v1

motion for class certification should be denied.

**A.    Haywood Cannot Satisfy the Threshold Requirements of Commonality, Typicality, or Adequacy of Representation Under Rule 23(a).**

24.    Under Rule 23(a), a named plaintiff must satisfy the threshold requirements of numerosity, commonality, typicality, and adequate representation.  Because Haywood has failed to "affirmatively demonstrate his compliance" with the requirements of commonality, typicality, or adequacy of representation, his motion should be denied.  Carrera v. Bayer Corp., 727 F.3d at 306.

25.    ***Commonality***:  Under Rule 23(a)(2), a named plaintiff must show that there are questions of law or fact common to the class.  Fed. R. Civ. P. 23(a)(2).  The essential part of this requirement is that there is a "common contention" that is capable of being resolved on a classwide basis "in one stroke."  Wal-Mart Stores, 131 S.Ct. at 2551.  A plaintiff must, therefore, show that the class action can "generate common answers" that will "drive the resolution of the litigation.  Dissimilarities within the proposed class are what have the potential to impede the generation of common answers."  Id. (quoting Nagareda, Class Certification in the Age of Aggregate Proof, 84 N.Y.U.L.Rev. 97, 132 (2009)).

26.    In this case, there are several different categories of gift cards.  Haywood incorrectly argues that he satisfies commonality because Debtors have issued gift cards and have a common policy regarding value or redemption of gift cards.  (Opening Br. at 8).  But this is the wrong analysis.  It is undisputed that Debtors have issued gift cards and that those gift cards do not expire.  See Adrianopoli Declaration ¶ 4.  But these facts are not dispositive of the central issue in this adversary—whether the gift card holders are entitled to priority status—thus, they cannot be the basis on which Haywood satisfies the commonality requirement.  See Wal-Mart Stores, 131 S.Ct. at 2551 (stating that "any competently crafted class complaint literally raises

common questions" but what commonality requires is that the plaintiff "demonstrate that the class members have suffered the same injury" (internal citations and quotations omitted)).

27.    On the issue of priority, Haywood has failed to identify a common question of law or fact.  He argues that the Debtors have treated all members of the proposed class the same by contending that none of the gift card claims be treated as priority.  (Opening Br. at 8).  But this is not the case.  Under the Settlement, the Debtors have agreed to treat the claims of some gift card holders as priority.  Specifically, the Debtors are treating the following categories of unredeemed gift cards as priority claims:  (a) Purchased Gift Cards; (b) Reload Gift Cards; (c) No Transaction Code Gift Cards; (d) Deactivated Cards; (e) Website Gift Cards; (f) Incomm Gift Cards; (g) PointMobl Gift Cards; and (h) Safeway Gift Cards.  As a result, members of the proposed class who hold these categories of cards do not need to seek the relief that Haywood has plead for the proposed class.  The holders of priority claims under the Settlement do not have legal or factual issues in common with other gift card holders who are not entitled to receive the same relief under the Settlement.

28.    Moreover, even if the Settlement did not exist, the proposed class members would still not share common questions of law or fact.  The priority statute contains specific requirements that must be met by each claimant to establish priority:

> Seventh, allowed unsecured claims of individuals, to the extent of $2775 for each individual, arising from the deposit before the commencement of the case, of money in connection with the purchase, lease, or rental of property, or the purchase of services, for the personal, family, or household use of such individuals, that were not delivered or provided.

11 U.S.C. § 507(a)(7).  Because the proposed class includes individuals holding different categories of gift cards and in different capacities, the facts applicable to members of the proposed class will necessarily be different.  Many proposed members will be unable to establish

the requirements for priority treatment.  Take, for example, the requirement that the claim arose

from the deposit of money in connection with the purchase of property or services.  The holders

of Purchased Gift Cards and Reload Gift Cards could argue that they satisfy this requirement

because they paid cash for their gift cards.[3]  In contrast, however, holders of the Customer

Service Gift Cards, Merchandise Return Gift Cards, and Promotional Giveaway Gift Cards

would have difficulty arguing that they made "deposit" of money for their gift cards.

29.    Several other questions relevant to priority would also be answered

differently by members of the proposed class.  For instance, some members might satisfy the

requirement that the purchase was made by an individual, whereas others may not.  Likewise,

some members may be able to show that they bought the cards for personal, family or household

use, but not others.  Further, some might be the original purchasers of the cards while others are

transferees of the cards.  In the end, the members of the proposed class will not have common

answers to the essential questions governing priority under Section 507(a)(7).  As a result,

Haywood cannot satisfy the commonality requirement of Rule 23(a)(2).

30.    ***Typicality***: Haywood's claim is not typical of the claims of the members of

the proposed class.  This defect is fatal to Haywood's attempt to certify a class.  Under Rule

23(a)(3), a named plaintiff must show that his claim is typical of the claims of the members of

the proposed class.  Fed. R. Civ. P. 23(a)(3).  This requires a court to consider whether the

named plaintiff's "individual circumstances are markedly different" from other class members, as

well as whether the named plaintiff's legal theory differs from that of the other class members.

Johnston v. HBO Film Mgmt., Inc., 265 F.3d 178, 185 (3d Cir. 2001).  There is some overlap

---

[3]    In the absence of a settlement with the Texas Attorney General, the Court would have had to decide the dispute as to whether paying for the gift cards counted as a "deposit."  This issue has been rendered moot by the Settlement.

between the requirements of commonality and typicality, but they are distinct requirements

under Rule 23:  Commonality evaluates the sufficiency of the class itself, and typicality

evaluates the sufficiency of the named plaintiff.  Georgine v. Amchem Prods., Inc., 83 F.3d 610,

632 (3d Cir. 1996) (citing Hassine v. Jeffes, 846 F.2d 169, 176 n. 4 (3d Cir. 1988)).

31.     While the putative class members need not share identical claims, they

must all involve the same conduct by the defendant.  HBO Film Mgmt., 265 F.3d at 185.  The

purpose of the typicality requirement is to "align the interests of the class and the class

representatives so that the latter will work to benefit the entire class through the pursuit of their

own goals."  In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions, 148 F.3d 283, 311

(3d Cir. 1998).  Under this standard, Haywood cannot show that his claim is typical of the

proposed class.

32.     In his motion, Haywood submits a number of boilerplate arguments about

why his claim is typical of the class.  (Opening Br. at 8-9).  In essence, he argues that he satisfies

typicality because the relief he seeks and the legal theory he advances are the same as those of

the proposed class.  While it is true that Haywood and all members of the proposed class seek a

declaration that their claims are entitled to priority, the relief Haywood seeks and the legal

arguments he will have to make differ markedly from those of other putative class members.

33.     First, Haywood obtained his gift card through a merchandise exchange,

whereas other class members received theirs through different channels.  See Adrianopoli

Declaration ¶¶ 5-9.  As explained above, under the Settlement, the Debtors propose to treat

Haywood's claim as a general unsecured claim because his gift card was not issued in exchange

for a payment of money.  In contrast, the Debtors are treating other gift card claims as priority.

Thus, if the Settlement is approved by the Court, Haywood would be seeking relief that other

-13-

members of the proposed class no longer need to seek.  Moreover, even without the Settlement,

Haywood's claims are not typical of the entire class because he would have to make arguments

that would not apply to other members of the proposed class—for example, he would need to

convince the Court that his merchandise exchange constituted a deposit of money in connection

with the purchase of property or services.  11 U.S.C. 507(a)(7).

34.     These fundamental differences create a situation where Haywood's claims

do not align with those of the proposed class.  Thus, Haywood cannot satisfy the typicality

requirement, and his motion should be denied.

35.     ***Adequacy of Representation***: Haywood has failed to establish that he and

his counsel can adequately represent the class.  Under Rule 23(a)(4), a named plaintiff must

show that he will "fairly and adequately protect the interests of the class."  Fed. R. Civ. P.

23(a)(4).  This has two parts:  The named plaintiff must be "sufficiently aligned" with the

proposed class, and class counsel "must be qualified and must serve the interests of the *entire*

class."  Georgine, 83 F.3d at 630 (emphasis in original). This analysis requires a court to

examine potential conflicts among various members of the class.  Id.  Here, Haywood's interests

and the interests of proposed class counsel do not align with the interests of the entire class, so

the motion must be denied.

36.     In his motion, Haywood asserts, without support, that his interests do not

conflict with those of the proposed class members.  (Opening Br. at 9).  But, as explained above,

under the Settlement, some members of the proposed class have priority claims and others are

general unsecured creditors.  This presents an irreconcilable conflict for Haywood.  On one hand,

it is in the interest of many members of the class to support the Settlement because their claims

will receive priority treatment and be paid in full.  On the other, Haywood may decide to oppose

the Settlement because it treats him as a general unsecured creditor.

37.    This same conflict exists for Haywood's counsel, who must decide whether to support the Settlement, which advances the interests of some members of the proposed class, or fight it so he can press the claims of Haywood who will not receive priority treatment.  Such a conflict prevents Haywood and his counsel from fairly and adequately representing the interests of the proposed class.  See Georgine, 83 F.3d at 630-31 (adequacy of representation element not met where proposed settlement treated members of the proposed class differently and created "serious intra-class conflicts").  Thus, the motion for class certification should be denied.

**B.    Haywood Cannot Satisfy the Requirement of Rule 23(b)(2).**

38.    Not only does Haywood fail to meet the threshold requirements under Rule 23(a), he also fails to satisfy Rule 23(b).  Haywood asserts that he satisfies the second subsection of that rule.  Under that subsection, Haywood must prove that the Debtors acted or refused to act in a similar manner to all proposed class members.  Fed. R. Civ. P. 23(b)(2).  The critical part of this rule is "the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them."  Wal-Mart Stores, 131 S.Ct. at 2557 (quoting Nagareda, 84 N.Y.U.L.Rev. at 132).  In this case, Haywood cannot show that the Debtors acted uniformly such that the requested declaratory relief would benefit all members of the proposed class and, accordingly, his motion must be denied.

39.    As discussed above, the Debtors have agreed to treat claims held by holders of certain gift cards as priority claims under Section 507(a)(7).  Those include claims associated with Purchased Gift Cards, Reload Gift Cards, No Transaction Code Gift Cards, Deactivated Gift Cards, Website Gift Cards, Incomm Gift Cards, PointMobl Gift Cards, and

#35397519 v1

Safeway Gift Cards.  The Debtors propose to treat claims associated with all other types of gift cards as general unsecured claims.  Because of this dissimilar treatment of the putative class members under the Settlement, Haywood cannot show that the Debtors have acted uniformly toward all members of the proposed class.  Accordingly, Haywood fails to satisfy Rule 23(b)(2).

[*The remainder of this page is left intentionally blank.*]

#35397519 v1

Wherefore, the Defendants respectfully request that the Court (i) deny class

certification and (ii) grant such other and further relief to the Defendants as is just and proper.

Dated:  September 7, 2015
Wilmington, Delaware

PEPPER HAMILTON LLP


 /s/ Michael J. Custer
David M. Fournier (DE 2812)
Evelyn J. Meltzer (DE 4581)
Michael J. Custer (DE 4843)
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, Delaware 19899-1709
Telephone:  (302) 777-6500
Facsimile:  (302) 421-8390

-and-

David G. Heiman (OH 0038271)
JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212

Gregory M. Gordon (TX 08435300)
Dan B. Prieto (TX 24048744)
JONES DAY
2727 N. Harwood Street
Dallas, Texas  75201
Telephone:  (214) 220-3939
Facsimile:  (214) 969-5100

Thomas A. Howley (TX 24010115)
Paul M. Green (TX 24059854)
JONES DAY
717 Texas Suite 3300
Houston, Texas 77002
Telephone:  (832) 239-3939
Facsimile:  (832) 239-3600

#35397519 v1